Soleil Chartered Bank v Breton Equity Co. Corp.

2026 NY Slip Op 03280

May 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Soleil Chartered Bank, Plaintiff-Appellant,

v

Breton Equity Company Corp et al., Defendants-Respondents.

Decided and Entered: May 26, 2026

Index No. 653094/25|Appeal No. 6727|Case No. 2025-07627|

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Higgitt, JJ.

Peyrot & Associates, PC, New York (David Van Leeuwen of counsel), for appellant.

John M. Stravato, Smithtown, for respondents.

[*1]

Order, Supreme Court, New York County (Kathleen Waterman-Marshal, J.), entered on or about November 19, 2025, which, to the extent appealed from as limited by the briefs, granted defendant Ted Doukas's motion to dismiss the complaint as against him, unanimously affirmed, with costs.

The court properly declined to find that Doukas is the alter ego of defendant Breton Equity Company Corp. and that piercing the corporate veil is warranted to hold Doukas personally liable for Breton Equity's indemnity obligation. The complaint's conclusory, information-and-belief allegation that Doukas exercised dominion and control over Breton Equity is insufficient to support alter ego liability (see Board of Mgrs. of Gansevoort Condominium v 325 W. 13th, LLC, 121 AD3d 554, 554 [1st Dept 2014]).

Even assuming the complaint sufficiently alleged that Doukas exercised dominion and control over Breton Equity, this sole allegation is insufficient to pierce the corporate veil (see TNS Holdings, Inc. v MKI Sec. Corp., 92 NY2d 335, 339 [1998]; see also Sutton 58 Assoc. LLC v Pilevsky, 189 AD3d 726, 729 [1st Dept 2020]). The complaint alleges on information and belief and in conclusory fashion that Doukas misused or moved Breton Equity funds, and does not state how the alleged abuse of the corporate form was for the purpose of avoiding the obligation to indemnify, or how Doukas's domination was the instrument of fraud (see Sheridan Broadcasting Corp. v Small, 19 AD3d 331, 332 [1st Dept 2005]; see also Olshan Frome Wolosky, LLP v Kestenbaum, 244 AD3d 490, 492 [1st Dept 2025]). Absent more particularized statements (see Sheridan Broadcasting Corp., 19 AD3d at 332), the wrong or injury alleged is essentially that Breton Equity breached its contract in failing to indemnify plaintiff, and "a simple breach of contract, without more, does not constitute a fraud or wrong warranting the piercing of the corporate veil" (Skanska USA Bldg. Inc. v Atlantic Yards B2 Owner, LLC, 146 AD3d 1, 12 [1st Dept 2016] [internal quotation marks omitted], affd 31 NY3d 1002 [2018]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 26, 2026